Opinion issued May 1, 2003.









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-000681-CV




RONALD GORDON, Appellant

V.

JAMES ALBRO, Appellee




On Appeal from the County Court at Law #1
Fort Bend County, Texas
Trial Court Cause No. 16,705




MEMORANDUM OPINION

          Appellant, Ronald Gordon, brings this appeal contesting the trial court’s
dismissal of his application to determine the heirships of his father, Burton Gordon
(“Father”), and of his father’s cousin, once removed, Quinn E. Gordon (“Cousin”). 
The Fort Bend County Court dismissed Ronald’s application for want of jurisdiction. 
In seven points of error, Ronald raises two primary issues. First, he contends that the
trial court improperly dismissed his application to determine Father’s heirship
because the court did in fact have jurisdiction over Father’s estate. Second, Ronald
contends that the trial court erred by dismissing the heirship application before
considering the allegations of opposing counsel’s fraud and misconduct that Ronald
raised in his pleadings. We reverse the judgment of the trial court and remand the
case for further proceedings.
Background
          Ronald is the son of Father, and the first cousin, twice removed, of Cousin. 
Cousin died on January 21, 1981 in Harris County. Cousin’s will, dated January 16,
1981, was probated in Wharton County on February 11, 1981. In his will, Cousin
stated that (1) his county of residence was Wharton County, (2) he owned real estate
in Kendleton,Texas,


 (3) he gave one acre of the land in Kendleton to Father, and (4)
the remainder of his property was given to others. The Wharton County Court
ordered the will probated, appointed Cousin’s named executrix, and granted the
executrix Letters Testamentary. More than 10 years after Cousin’s will was admitted
into probate in Wharton County, Ronald filed a single application in Fort Bend
County Court for the determination of the heirships of both Cousin and Father. In his
application, Ronald claimed to be the rightful owner of the real estate in Kendleton
referenced in Cousin’s will. Ronald alleged that Cousin’s principal domicile at the
time of his death was in Fort Bend County, not Wharton County, as stated in his will,
and, because Cousin’s will was not probated in Fort Bend County, Cousin therefore
died “intestate.” Ronald also alleged that his father died on December 22, 1998, was
a resident of Fort Bend County at the time of his death, and also died intestate. 
According to Ronald’s allegations, the filing of Cousin’s will for probate in Wharton
County was part of a scheme seeking to defraud Father of his rightful inheritance. 
Ronald also contended that, because Cousin had no children, and because Ronald was
his father’s only child, Ronald is therefore the rightful heir of Cousin’s estate. The
Fort Bend County Court dismissed Ronald’s application for want of jurisdiction. 
Analysis
          Ronald argues that the Fort Bend County Court erred in dismissing his
application to determine Father’s heirship.


 First, Ronald claims that the Fort Bend
County Court erred in determining that it did not have jurisdiction over the matter
because his application alleged sufficient jurisdictional facts to vest the Fort Bend
Court with jurisdiction. Second, Ronald argues that the trial court, despite its alleged
lack of jurisdiction, erred by dismissing the application because it failed to address
his allegations of opposing counsel’s fraud and conflict of interest. Ronald contends
that the Fort Bend County Court should have reached the merits of his allegations of
misconduct before dismissing the heirship application entirely.
Trial Court’s Jurisdiction
          In his first issue, Ronald challenges the Fort Bend County Court’s dismissal of
his application to determine Father’s heirship. We review a trial court’s
determination of subject-matter jurisdiction de novo. State ex rel. State Dep’t of
Highways and Public Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). 
           It appears from our review of the record that Ronald’s application to determine
Father’s heirship was never properly presented to the trial court. The Texas Probate
Code requires county clerks to maintain a probate docket reflecting (1) the name of
each person upon whose person or estate proceedings are had or sought to be had, (2)
the name of the executor or administrator or of the applicant for letters, (3) the date
of the filing of the original application for probate proceedings, (4) a minute of each
order, judgment, decree, and proceeding had in each estate, with the date thereof, and
(5) a number for each estate upon the docket in the order in which proceedings are
commenced. Tex. Prob. Code Ann. § 13 (Vernon 2003). Here, the style of the
application filed by Ronald refers only to Cousin’s estate, and the trial court’s probate
docket does not reflect that the court considered the matter of Father’s heirship. 
Because Ronald’s application regarding Father’s heirship was never properly before
the trial court, Ronald has presented nothing for us to review. We overrule Ronald’s
first issue. 
Allegations of Misconduct and Fraud
          In his second issue, Ronald claims that the trial court erred in dismissing his
heirship application for want of jurisdiction where, in his pleadings, Ronald raised
allegations of opposing counsel’s fraud and misconduct. An application to determine
heirship is a limited vehicle by which property is dispersed to heirs pursuant to the
Probate Code. See generally Tex. Prob. Code Ann. §§ 48(a), 49(a), 52(A) (Vernon
2003) (listing proper venues for filing applications and stating that the applications
are to list the name of deceased, the time and place of death, the names and residences
of heirs and their relationship to the deceased, whether the deceased died testate, the
disposition of any will, a general description of the property belonging to the estate,
and an explanation for any missing information). An application to determine
heirship is not a proper vehicle in which to raise allegations of malpractice, fraud,
disqualification, conflict of interests or other violations of disciplinary rules by
opposing counsel or any other party. See Tex. Prob. Code Ann. § 54 (Vernon 2003)
(stating that judgments in proceedings to declare heirship shall contain the names and
residences of the heirs and their respective shares of the estate). Ronald has chosen
an improper vehicle in which to press his claims regarding his allegations of fraud
and misconduct in the probating and execution of Cousin’s will in the trial court
proceedings below. 
          Although the vehicle chosen by Ronald to advance his allegations of fraud and
misconduct was improper, this did not divest the trial court of subject matter
jurisdiction. Therefore, the Fort Bend County Court improperly held that it lacked
jurisdiction over Ronald’s claims. Accordingly, we reverse the trial court’s dismissal
for want of jurisdiction and remand the cause to the trial court for further
proceedings. 
Conclusion
           We reverse the trial court’s dismissal for want of jurisdiction and remand the
case to the trial court for further proceedings. 





                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.